**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
- - - - - - - - - - - - - - - X
TONY MERCEDES,                 :
                               :
        Petitioner,            :
                               :     03 Civ. 5085 (JFK)
          -against-            :     00 Cr. 53 (JFK)
                               :     OPINION and ORDER
UNITED STATES OF AMERICA,      :
                               :
        Respondent.            :
- - - - - - - - - - - - - - - X
```

APPEARANCES:

    Petitioner

        TONY MERCEDES
        48706-054
        FCI-McKean
        P.O. Box 8000
        Bradford, PA 16701

    For the Respondent,

        DAVID N. KELLEY
        United States Attorney
        Southern District of New York
        One Saint Andrew's Plaza
        New York, New York 10007
        Of Counsel:  AUSA Sarah Y. Lai

**JOHN F. KEENAN, United States District Judge**

**JOHN F. KEENAN**, United States District Judge:

**PRELIMINARY STATEMENT**

Before the Court is the pro se motion of Petitioner Tony Mercedes ("Mercedes" or "Petitioner") to vacate, set aside, or correct his sentence pursuant to 18 U.S.C. § 2255 ("§ 2255"). For the reasons discussed below, the motion is denied.

**BACKGROUND**

On January 4, 2000, Mercedes was arrested and charged with participating in a conspiracy to commit robbery and committing robbery. He was also charged with using a firearm in connection with that crime. On January 19, 2000, a Grand Jury returned a three-count indictment, charging that Mercedes obstructed commerce by conspiring to commit and committing robbery, in violation of 18 U.S.C. §§ 1951 ("Hobbs Act") and 1952, and using a firearm in connection with the crime, in violation of 18 U.S.C. § 924(c).

On December 20, 2000, Mercedes pled guilty to all three counts of the Indictment, pursuant to a written plea agreement. The plea agreement provided that the Stipulated Guidelines Range was 37 to 46 months for the robbery, plus another 84-month mandatory consecutive sentence for the firearms charge. The agreement also stipulated that the Court could enhance the sentence on the first two charges to 46 to 57 months if it found that Mercedes had tried to obstruct justice by encouraging

2

friends to create a false alibi on his behalf. The Court concluded that the Petitioner had obstructed justice and raised his stipulated range from 121 to 130 months to 130 to 141 months. Petitioner agreed that he would not appeal or otherwise litigate under § 2255 any sentence within or below the stipulated United States Sentencing Guidelines range. Plea Agreement at 5-6. In Petitioner's plea agreement, he further agreed that "any appeal, or litigation brought pursuant to Title 28, United States Code, Section 2255, will be limited exclusively to the issue of whether Tony Mercedes' conduct merits the two-level sentencing enhancement" for obstruction of justice. Id. at 5.

During the December 20, 2000 plea allocution, Mercedes confirmed that his lawyer fully explained the provisions of the plea agreement and that he understood the plea agreement:

> THE COURT: Did [your lawyer] explain this to you, this plea agreement that I am holding up in my hand?
> THE DEFENDANT: Yes, your Honor.
> THE COURT: Do you really feel you understand it?
> THE DEFENDANT: Yes.

Plea Transcript at 13.

Mercedes also confirmed that he understood the agreement's waiver provision:

> THE COURT: Do you realize, under the provisions of this plea agreement, you have waived any right you have to appeal if I sentence you within the range set forth in the plea agreement or if I sentence you to less than that range under the guidelines. Do you understand that?
> . . . .
> THE DEFENDANT: Yes, sir.

Id. at 15.

Mercedes further confirmed that he was entering voluntarily into the plea agreement:

> THE COURT: Are you offering to plead guilty of your own free will?
> THE DEFENDANT: Yes, your Honor.

Id.

He admitted that he and his accomplice robbed a television repairman and that he was, in fact, aware that the victim fixed television sets in his apartment. Id. at 16-17. The Court accepted Mercedes' plea. Id. at 21.

On April 23, 2001, the Court sentenced Mercedes to 130 months in prison. Sentencing Transcript at 10. On September 7, 2001, Mercedes filed a notice of appeal, challenging the sentencing enhancement for obstruction of justice. The Court of Appeals for the Second Circuit dismissed the appeal. United States v. Feliz, 286 F.3d 118 (2d Cir. 2002).

On June 16, 2003, Mercedes filed the instant petition, seeking relief from his sentence on constitutional grounds. He claims he was denied effective assistance of counsel. His attorney, he alleges, should have challenged the government's claim that Petitioner's robbery was a Hobbs Act violation, and should therefore not have advised Petitioner to take the plea agreement. Petitioner argues that the Hobbs Act was inappropriate in his case because the Act requires robbery of a

legitimate business involved in interstate commerce, whereas the victim of his crime did not run a legal business. Petitioner requests the Court vacate, set aside, or correct his sentence pursuant to § 2255.

**DISCUSSION**

**I. Petitioner Waived His Right to File a § 2255 Petition in His Plea Agreement**

The Court of Appeals for the Second Circuit has held repeatedly that, short of extraordinary circumstances, a knowing and voluntary waiver of the right to appeal a sentence within or below the stipulated Guidelines Range shall be enforced. United States v. Djelevic, 161 F.3d 104, 106 (2d Cir. 1998); United States v. Yemitan, 70 F.3d 746, 747-48 (2d Cir. 1995). To permit defendants to appeal a sentence conforming to the plea agreement "would render the plea bargaining process and resulting agreement meaningless." United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir. 1993). Therefore, once a defendant has secured the benefits of a plea agreement he or she is foreclosed from appeal except for very specific, extraordinary circumstances. Id. at 52.

Under this plea agreement, Mercedes explicitly waived his right to file a § 2255 motion for "any sentence within or below the stipulated Sentencing ranges set forth" in the Plea Agreement. Plea Agreement at 5-6. He also agreed that any § 2255 motion would be limited exclusively to a challenge of the

5

sentence enhancement for obstruction of justice. Id. at 5.

Here, the range was 130-141 months (with the obstruction of justice enhancement). The Court sentenced Mercedes to 130 months, which is within the stipulated range and, in fact, at the lowest sentence within the range. Moreover, his instant motion is not based on the sentence enhancement, but rather on a claim of ineffective assistance of counsel.

Mercedes made this plea agreement knowingly and intelligently. The Court specifically asked Mercedes at the plea allocution whether he understood that he was giving up his right to appeal or in any other way litigate his sentence if it fell within the range stipulated by the plea agreement, and Mercedes responded affirmatively. Plea Transcript at 15. Of particular importance when evaluating Mercedes' ineffective assistance of counsel claim, Mercedes stated during the plea allocution that his defense counsel had reviewed the Plea Agreement with him before he signed it, and that he understood the terms of the Agreement. Id. at 13-15. Because Petitioner's guilty plea and waiver were made knowingly and intelligently, Petitioner is barred from making the present § 2255 motion.

**II. Mercedes's Ineffective Assistance of Counsel Claims Are Dismissed**

Petitioner correctly asserts that one could find relief from a plea agreement if the Court finds extraordinary circumstances, such as ineffective assistance of counsel in

connection with the plea. <u>United States v. Hernandez</u>, 242 F.3d 110, 113-14 (2d Cir. 2001); <u>United States v. Ready</u>, 82 F.3d 551, 555-56 (2d Cir. 1996).

In this case, extraordinary circumstances relief is not available because, as discussed below, there are no grounds for finding ineffective assistance of counsel in connection with Mercedes' plea agreement.

**A. The Standard for Proving Ineffective Assistance of Counsel**

In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the Supreme Court of the United States established a two-prong test to determine whether the representation provided to a defendant was ineffective. Petitioner must show: "(1) that counsel's representation fell below an objective standard of reasonableness measured by prevailing professional norms; and (2) that there is a reasonable probability that, but for counsel's unprofessional performance, the outcome of the proceeding would have been different." <u>United States v. Gordon</u>, 156 F.3d 376, 379 (2d Cir. 1998). For a defendant to prevail on an ineffective assistance claim he or she must overcome a strong presumption that counsel did act reasonably. <u>Strickland</u>, 466 U.S. at 687-89. The Supreme Court has also held that a defendant's plea of guilty based on reasonably competent advice of an attorney is deemed an intelligent plea not open to attack. <u>McMann v. Richardson</u>, 397 U.S. 759, 769 (1970).

**B. Petitioner's Claim Does Not Satisfy the Strickland Test: Counsel's Performance Was Objectively Reasonable**

Petitioner claims that his attorney acted unreasonably because, as a matter of law, there was no federal Hobbs Act jurisdiction and, therefore, counsel should not have advised Petitioner to plead guilty. He claims the armed robbery of the victim could not impact the flow of commerce because the victim ran an illegal business. The Court rejects this argument.

The Hobbs Act prohibits conduct that affects commerce "in any way or degree." 18 U.S.C. § 1951(a). It is well established that the burden of proving such a nexus is "de minimis." United States v. Arena, 180 F.3d 380, 389 (2d Cir. 1999); United States v. Farrish, 122 F.3d 146, 148 (2d Cir. 1997), cert. denied, 522 U.S. 1118 (1998). Even the "possibility or potential of an effect on interstate commerce, not an actual effect," is sufficient to prosecute under the Hobbs Act. United States v. Jones, 30 F.3d 276, 285 (2d Cir. 1994), cert. denied, 513 U.S. 1028 (1994).

The Second Circuit has also noted that illegal businesses are subject to Hobbs Act jurisdiction. United States v. Fabian, 312 F.3d 550, 555 (2d Cir. 2002) (holding that robbery of a loan shark falls within the scope of the Hobbs Act because loan sharking has an effect on interstate commerce). The jurisdictional nexus will be satisfied by a showing that the victim of a robbery directly participated in interstate commerce,

even if that participation was illegal. United States v. Jamison, 299 F.3d 114, 121 (2d Cir. 2002) (holding illegal drug business to be a business operating in interstate commerce and therefore subject to Hobbs Act jurisdiction), cert. denied, 538 U.S. 1025.

Petitioner contests only the nature of the victim's business. It is undisputed that the victim did run some sort of a business out of his apartment. That petitioner planned on robbing a business, which would undoubtedly have had some impact, no matter how minute, on the stream of commerce, is enough to satisfy the required nexus with interstate commerce. Given the "de minimis" standard and the facts of this case, Petitioner's counsel was, therefore, not ineffective for failing to challenge the Government's ability to prosecute under the Hobbs Act. Petitioner's ineffective assistance of counsel claim does not satisfy the first prong of the Strickland test. Because Petitioner's claim fails the first Strickland prong, and both prongs must be satisfied, this Court will not address the issue of prejudice. Petitioner's § 2255 motion is denied.

## CONCLUSION

Mercedes' motion pursuant to 28 U.S.C § 2255 to vacate, set aside, or correct his sentence is hereby denied. Because the Petitioner has not made a substantial showing of denial of a constitutional right, a certificate of appealability will not

9

issue. United States v. Perez, 129 F.3d 255, 260 (2d Cir. 1997). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962). This case is closed, and the Court directs the Clerk of the Court to remove this case from the Court's active docket.

**SO ORDERED.**

Dated:    New York, New York
          October 7, 2005

**JOHN F. KEENAN**
**United States District Judge**